RICHARD LOYD v. W. H. MASON.

1. Under the probate act of 1870 no administration can be granted after four years have elapsed from the death of the intestate.
2. After that time has elapsed the presumption is that there are no debts, or if any that they are barred by limitation, and that the property has gone into the possession of the person entitled to receive it.

APPEAL from Marion. Tried below before the Hon. J. D. McAdoo.

The facts appear in the opinion of the court.

*Rogers, McKay & Blackburn*, for appellant.

*Mason & Campbell,* for appellee.

WALKER, J.—This is an appeal taken from the judgment of the District Court of Marion county, appointing Wm. H. Mason administrator of the estate of J. P. Brink. Brink died, leaving a widow and a family of children, a little more than four years prior to the granting of letters to Mason.

J. P. Brink left no separate estate, but a considerable community estate was left by him. C. E. Brink, the widow, assumed the control of the community estate under the act of 1856, but it appears has never filed an inventory of the estate.

Loyd is a creditor, and Mason also represents a debt against the estate of J. P. Brink. Loyd is endeavoring to reduce his claim to judgment against the widow representing the community estate, and in the absence of administration may gain advantage over other creditors; and we are not prepared to say that he is not entitled to this advantage by reason of his superior diligence. Be this as it may, we are of opinion that by the forty-fourth and forty-fifth sections of the general probate law of August 15, 1870, no letters of administration could be granted after four years had elapsed from the death of the intestate. Section 102 of the act declares, that before granting letters of administration it must appear to the court, among other things, that four years have not elapsed since the death of the intestate.

By Section 45 of the act it is declared, that after that time has elapsed the presumption is that there are no debts, or if any that they are debarred by the statutes of limitation, and that the property, if any, has gone into the possession of the person entitled to receive it.

The judgment of the District Court must be reversed and the cause dismissed.

REVERSED AND DISMISSED.